## GEORGE BREIDERT *v.* F. VINCENT.

Where a mortgagee of chattels, makes a demand of delivery from the party in possession, for the purpose of bringing an action to recover the value, it is not necessary that he should see the property.

It is at least doubtful, whether the purchaser of a chattel, who remains in the possession and enjoyment thereof, can refuse to give possession to the vendor, claiming under the purchaser's mortgage for the unpaid purchase money, and defend the action by proof impeaching the vendor's original title.

One who represents property to belong to A., as an inducement to B. to become the purchaser from A., cannot afterwards set up title in himself, and recover against B., who bought on the faith of his representations. His representations operate as an *estoppel in pais.*

Whether, after an examination of a witness has been closed, the party shall be permitted to recall him for further examination, is a question resting in discretion, and is not a subject for review on appeal from a justice's court. (*a*)

Where evidence, given subsequently to an erroneous refusal to nonsuit the plaintiff, supplies what was before wanting to sustain the action, the refusal to nonsuit is no ground for reversing a judgment.

THE plaintiff in this action, sold and delivered certain personal property to one Jacob Raw, for $180, of which $150 were paid in cash on the execution of a bill of sale, and upon the delivery of the goods. It was provided in the bill of sale, that the balance, thirty dollars, should be paid on a specified day, and that, upon such payment, the title to the goods should become absolute in the purchaser; but, in default of the payment, the plaintiff was empowered to take possession, and dispose of them. Subsequently, Raw sold the chattels to the defendant, apprising him, as it would appear, of the plaintiff's

---

(*a*) See *Harpell* v. *Curtis, ante,* p. 78, and *Chancel* v. *Barclay, ante,* p. 384.

Breidert v. Vincent.

lien, and allowing him to retain $30 to discharge it. The plaintiff, however, was not paid at the time appointed. He then caused the goods to be demanded of the defendant, and commenced this suit in the second district court for the value, to the extent of his interest therein, thirty dollars. Other facts appearing at the trial, will be found in the opinion of the court.

The plaintiff recovered a judgment, and the defendant appealed.

*John H. Lee*, for the appellant.

*B. M. Stilwell* and *S. E. Swain*, for the respondent.

By THE COURT. WOODRUFF, J.—The plaintiff herein sues to recover the value of his interest in certain personal property, which he had conditionally sold to Jacob Raw, and for which Raw was to pay him on the 2d of January, 1852, a balance of the purchase money, being $30, on which payment the sale was to be final and complete, and the title to vest in Raw. Raw sold to the defendant, and it was certainly not irrelevant or improper to show that at the time of this sale, the defendant had actual notice of the claim of the plaintiff, and of his lien upon the property, for the unpaid purchase money.

In this view, the evidence of Hoffman, showing the conversation between Raw and the defendant, in relation to the plaintiff's lien upon the property, was properly received.

Whether the plaintiff should be permitted (after having rested his case upon the evidence first given on his behalf) to open the proofs, and recall one of his witnesses and examine him further, was a matter in the discretion of the justice, and is not a subject for review on appeal.

The defendant's motion for a nonsuit was properly denied. The proof showed that Raw had sold and delivered to the defendant all the goods, &c., purchased by him from the plaintiff. This was *prima facie* evidence of possession at the time

Breidert v. Vincent.

of the demand made of the defendant, by the plaintiff's attorney.

And the plaintiff's witness, Jones, testifies that he did, on the 17th of January, demand of the defendant all the property mentioned in the conditional bill of sale. It was not necessary that the attorney should see or identify the property; it was enough that the defendant was in the possession. And if this was doubtful when the motion for a nonsuit was made, the evidence subsequently given, cures any deficiency, and where evidence subsequently given supplies what was before wanting, a refusal to nonsuit is no ground for reversing the judgment. The witness, Hoffman, afterwards testified that " *every thing* in the place is in the same place now," as when the *plaintiff* originally became the occupant of the premises. This was quite enough to show possession in the defendant, and no further identification of the property is necessary.

It is claimed, that the plaintiff did not show default in the payment of the balance of the purchase money. If affirmative proof of the negative fact, to wit, that the $30 was *not paid*, was necessary, it is found in the testimony of Raw, who says he did not pay it.

Some of the grounds upon which a reversal of the judgment is urged, appertain to mere questions of fact, in relation to which, if we differed in our opinion from the conclusions arrived at by the justice, we should not reverse. Where the evidence is conflicting, and not very greatly over balanced, the finding of the court below is final and conclusive.

We see no sufficient reason for reversing the judgment upon *any* ground.

The plaintiff sold the property, leaving $30 of the consideration unpaid, which Raw (the purchaser) agreed, without qualification or condition, to pay on the 2d of January. Before that day, Raw sold to the defendant, informing him of the plaintiff's lien for the $30, and leaving in his hands that sum, wherewith to discharge the lien. Under this sale, the defendant has had, and still has, the possession, use and enjoyment of the property. As against him, the plaintiff was entitled,

both at law and in equity, to resume the possession of the property, if the defendant did not pay the money.

Much testimony was given on the trial for the purpose of showing that the plaintiff had no title when he sold to Raw, and that in reality the property belonged to the landlord, Bradshaw, who was produced as a witness to prove these alleged facts. Under the circumstances, it is at least doubtful whether it was competent for the defendant to retain the possession, and deny the plaintiff's title. He had not in any manner been deprived of the benefit of his purchase. He was in the enjoyment of all that he bought. He had not lost any of the property under any claim of better title in Bradshaw. The consideration of his purchase had not, therefore, failed. But, be this as it may, he failed, according to the finding herein upon the facts, to show better title in Bradshaw, in such wise that we ought to reverse the judgment upon that ground. On the contrary, we think that the evidence of Hoffman and Hussing showed that the representations of Bradshaw, made to the plaintiff as an inducement to his original purchase of this same property, effectually barred *him* (Bradshaw) of any claim to the property, and, therefore, that the whole defence was groundless.

The judgment must be affirmed, with costs.